# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON HARLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMC PATRIOT LN IV B LLC and | : | |
| FMM BUSHNELL, LLC | : | NO. 17-3472 |

## MEMORANDUM

**Savage, J.** January 25, 2018

In his complaint, *pro se* plaintiff, Leon Harley, seeks to invalidate the sheriff's sale of his real property pursuant to a state foreclosure judgment, and to void or modify his loan with defendants AMC Patriot LN IV B, LLC and FMM Bushnell, LLC. He also seeks relief from the related confessed judgment, claiming that the underlying loan was predatory and is unenforceable.

Moving to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendants AMC Patriot and Bushnell contend that Harley's complaint is barred by the *Rooker–Feldman* doctrine and *res judicata*. Alternatively, defendants argue that Harley's complaint is moot because no case or controversy exists.

To grant Harley relief would require the federal court to invalidate the state court judgments. The *Rooker–Feldman* doctrine precludes us from doing so. Therefore, even though the loan may have been predatory, we must dismiss Harley's complaint.

## Background

Harley received a $225,000 home improvement loan from Alternative Business Credit, LLC on August 22, 2008.[1] The loan was secured by a mortgage on the real property located at 1124 South 22nd Street, Philadelphia, Pennsylvania 19146 ("Property").[2] Alternative Business Credit assigned the mortgage to The Patriot Group, LLC, which assigned it to AMC Patriot on November 16, 2012.[3]

After making monthly payments of $2,500 for three years, Harley was unable to pay the principal balance called for in the balloon note.[4] On July 14, 2014, AMC Patriot commenced a mortgage foreclosure action and a confession of judgment action against Harley in the Philadelphia Court of Common Pleas.[5] That same day, judgment was confessed against Harley in favor of AMC Patriot in the amount of $246,195.43, almost $22,000 more than the original loan.[6]

Harley was personally served with the confession of judgment and the mortgage foreclosure complaints on July 22, 2014.[7] Two months later, on September 22, 2014,

---

[1] Harley's complaint states that his loan was for $222,576.44. Compl. at 1. However, the Promissory Note indicates his loan was actually for $225,000. See ACM Patriot LN IV B, LLC v. Harley, Docket No. 140701307, Compl. Ex. A (Promissory Note).

[2] Compl. at 1; see ACM Patriot LN IV B, LLC v. Harley, Docket No. 140701307, Compl. Ex. B (Mortgage).

[3] Compl. at 1; see ACM Patriot LN IV B, LLC v. Harley, Docket No. 140701307, Compl. Ex. C (Assignment of Mortgage to The Patriot Group, LLC); Ex. D (Assignment of Mortgage to AMC Patriot).

[4] Compl. at 2.

[5] Def.'s Mot. to Dismiss Ex. 1 (Docket for *ACM Patriot LN IV B, LLC v. Harley*, Docket No. 140701307), at 2; Def.'s Mot. to Dismiss Ex. 2 (Docket for *ACM Patriot LN IV B, LLC v. Harley, D/B/A Lee*, Docket No. 140701453), at 3.

[6] Def.'s Mot. to Dismiss Ex. 2 (Docket for *ACM Patriot LN IV B, LLC v. Harley, D/B/A Lee*, Docket No. 140701453), at 3.

[7] *Id.*; Def.'s Mot. to Dismiss Ex. 1 (Docket for *ACM Patriot LN IV B, LLC v. Harley*, Docket No. 140701307), at 3.

the state court entered a default judgment against Harley in the foreclosure action for $234,271.35.[8] A writ of execution issued four days later.[9] Harley was personally served with a notice of sheriff sale on October 7, 2014.[10]

On November 14, 2014, Harley filed for Chapter 13 bankruptcy.[11] On December 9, 2014, he filed a plan proposing payment of $1,500 per month for 36 months, and a confirmation hearing for the plan was scheduled for March 3, 2015.[12] In the meantime, the writ of execution in the foreclosure action was stayed.[13]

On January 29, 2015, the trustee moved to dismiss the bankruptcy case because Harley failed to make the plan payments or provide requested documentation.[14] The bankruptcy court granted the motion to dismiss on March 3, 2015.[15]

Ten days later, on March 13, 2015, a new writ of execution was issued in the foreclosure action.[16] The writ was served on Harley on April 9, 2015.[17] On December 1, 2015, Harley's property was sold at sheriff's sale to REO Capital LLC for $160,000.[18]

---

[8] Def.'s Mot. to Dismiss Ex. 1 (Docket for *ACM Patriot LN IV B, LLC v. Harley*, Docket No. 140701307), at 3.

[9] *See id.* at 3–4.

[10] *See id.* at 4.

[11] Docket for *In re Leon Harley*, Docket No. 14-19069, at 1.

[12] *See id.* at 3.

[13] Def.'s Mot. to Dismiss Ex. 1 (Docket for *ACM Patriot LN IV B, LLC v. Harley*, Docket No. 140701307), at 5.

[14] Docket for *In re Leon Harley*, Docket No. 14-19069, at 4.

[15] *See id.* at 5.

[16] Def.'s Mot. to Dismiss Ex. 1 (Docket for *ACM Patriot LN IV B, LLC v. Harley*, Docket No. 140701307), at 5.

[17] *See id.* at 6.

On June 30, 2017, Harley learned that Bushnell now owned his loan.[19] Harley commenced this action on August 2, 2017. On August 25, 2017, AMC filed a praecipe for writ of execution in the confession of judgment action.[20]

**Standard of Review**

In considering a motion to dismiss under Rule 12(b)(6), we first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding legal conclusions. All reasonable inferences must be drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). Then, we determine whether the facts alleged, if proven, show that the plaintiff has a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

We consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents to the extent the plaintiff's claims are based upon them. *Hartig Drug Co., Inc. v. Senju Pharm. Co., Ltd.*, 836 F.3d 261, 268 (3d Cir. 2016) (*citing Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

**The Rooker–Feldman Doctrine**

The *Rooker–Feldman* doctrine bars a federal court from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). In short, a federal

---

[18] *See id.* at 7.

[19] Compl. at 2.

[20] Def.'s Mot. to Dismiss Ex. 2 (Docket for *ACM Patriot LN IV B, LLC v. Harley, D/B/A Lee*, Docket No. 140701453), at 4.

district court lacks subject matter jurisdiction over an action in the nature of an appeal seeking to reverse a state court decision.

The doctrine is narrowly applied. *Exxon Mobil*, 544 U.S. at 292. It is not implicated "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. It does not apply when the federal plaintiff asserts an independent claim, even one that contradicts the state court's legal conclusions. *Id.*

The *Rooker–Feldman* doctrine applies only where: (1) the plaintiff in the federal action lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was entered before the federal action was filed; and (4) the plaintiff seeks federal review and rejection of the state court judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil*, 544 U.S. at 284). Factors two and four have been characterized as substantive; and one and three, procedural. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). The procedural posture will rarely be at issue. *See id.* at 89. The factors that typically drive the inquiry are two and four, the substantive ones. They are key to determining whether a federal action brought by a state court loser is barred by the doctrine or presents a non-barred independent claim. *Id.* at 85–87.

Here, factors one and three are satisfied. The state court entered judgments against Harley in the foreclosure and confession of judgment actions almost three years before he filed this action. Hence, we consider whether his complaint seeks a remedy

for an injury caused by the state court judgments and whether it is essentially a request for us to review and reject those judgments.

When determining whether the plaintiff complains of an injury caused by a state court judgment, the critical task is to determine whether he is attacking the state court judgment or challenging the defendant's conduct in obtaining it. In other words, we must focus on the source of the plaintiff's injury. In doing so, we look beyond the plaintiff's characterization of his claims. *See Hoblock*, 422 F.3d at 86. We must discern whether an action cast as a complaint of third party conduct is actually a complaint of an injury "produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Great Western*, 615 F.3d at 167 (citing *Hoblock*, 422 F.3d at 88).

The question is—was the source of the injury the defendants' conduct or the state court judgment. If it was the defendants' actions, the federal action is an independent claim that is not barred by the *Rooker–Feldman* doctrine, and is, instead, subject to state law principles of preclusion. *Exxon Mobil*, 544 U.S. at 293.

Harley challenges the validity of the state court's judgment in the foreclosure and confession of judgment actions. He asks the federal court to void his loan with defendants and undo the sheriff's sale because the loan was "predatory in nature." In order to grant Harley relief, we would have to overturn the state court judgment, which is the source of his injury. The *Rooker–Feldman* doctrine precludes us from doing so. *See U.S. Bank Nat'l Ass'n v. Watkins*, 644 F. App'x 144, 145–46 (3d Cir. 2016) (barring a challenge to a state mortgage foreclosure judgment under the *Rooker–Feldman* doctrine because it was an attempt to use a federal court to overturn an adverse state judgment); *Manu v. Nat'l City Bank of Ind.,* 471 F. App'x 101, 105 (3d Cir. 2012) (finding

a wrongful foreclosure claim barred by the *Rooker–Feldman* doctrine because the plaintiff's allegation that the defendants followed through with a foreclosure after a state court judgment was "nothing more than an attack on the state court judgment."); *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716, 718 (3d Cir. 2010); *Stoss v. Singer Fin. Corp.*, No. CIV.A.08-5968, 2010 WL 678115, at *4 (E.D. Pa. Feb. 24, 2010) (dismissing fraud claims under the *Rooker–Feldman* doctrine because finding fraud would require a determination that the state court erroneously entered confession of judgment on the loan).[21] Therefore, because this action is barred by the *Rooker–Feldman* doctrine, we shall grant the defendants' motion to dismiss.[22]

---

[21] *See also Hua v. U.S. Bank Nat'l Ass'n*, *No.* CIV.A. 14-6767, 2015 WL 1071606 (E.D. Pa. Mar. 11, 2015) (Savage, J.).

[22] At oral argument, Harley made a persuasive argument that the real culprit, Alternative Business Credit, LLC, engaged in predatory lending tactics and intentionally misled him. Although Harley may not obtain relief in this court, he is free to complain to the Pennsylvania Attorney General and the District Attorney about the predatory lending practices surrounding the underlying loan.